IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SANDY GAITHER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| HERITAGE AUTOMOTIVE | * | |
| GROUP (GA), INC., d/b/a | * | JURY TRIAL DEMAND |
| Infiniti of South Atlanta | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COME NOW the Plaintiff Sandy Gaither ("Plaintiff"), and files his Complaint against the above-named Defendant on the following grounds:

## INTRODUCTION

1.

This is an action for damages against Heritage Automotive Group (GA), Inc. d/b/a Infiniti of South Atlanta ("Defendant") for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq., which prohibits employment discrimination against persons aged 40 and over.

## JURISDICTION, PARTIES & VENUE

2.

Plaintiff is an individual over the age of eighteen years, and a resident of Clayton County, Georgia.

3.

Plaintiff is a male over the age of forty.

4.

Plaintiff began working for Defendant in Georgia in 2011.

5.

Defendant is a domestic profit corporation headquartered in Fulton County, Georgia, which is authorized to and does transact business throughout Georgia.

6.

Defendant is an "employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

7.

Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the actions comprising the basis of this complaint occurred in Fulton County, Georgia.

8.

The Court has subject matter jurisdiction over this action pursuant to the governing statutes of the ADEA, 28 U.S.C. §§1331, and 1341.

9.

On April 15, 2019, Plaintiff timely filed a charge of age discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") . A true and correct copy of Plaintiff's EEOC Charge is attached hereto as Exhibit A.

10.

Defendant responded to Plaintiff's charge of discrimination through the EEOC, and has full notice of Plaintiff's claims.

11.

Plaintiff received his Notice of Right to Sue ninety (90) days prior to filing this suit, fulfilling any of his administrative requirements prior to bringing this suit.

**FACTS**

12.

Defendant hired Plaintiff as an automotive service consultant on October 3, 2011. Plaintiff was primarily assigned to Defendant's service department for the Infiniti dealership located at 4201 Jonesboro Road, Union City, Georgia 30291.

13.

Defendant terminated Plaintiff's employment on October 14, 2018.

14.

From the date of his hire through his termination, Plaintiff continuously worked as an automotive service consultant for Defendant.

15.

In his position an automotive service consultant, Plaintiff received an annual salary plus commission.

16.

Plaintiff was qualified for his position, and received numerous awards, raises, bonuses, positive feedback and excellent performance recognition from Defendant throughout his employment, including an award in 2017 for Services Consultant of the Year.

17.

Because of his experience and qualifications, Plaintiff was frequently called upon by Defendant to train younger, inexperienced automotive service technicians and consultants.

18.

At the time of Plaintiff's termination on October 14, 2018, Defendant claimed that Plaintiff was terminated due to lack of work and the fact that, as an employee with seven (7) years of seniority with Defendant, he was being compensated too much and earning more than younger, less experienced employees.

19.

At the time of his termination, Plaintiff was 62 years old.

20.

Defendant continued to employ other, substantially younger, automotive service consultants despite their comparative underperformance.

21.

In addition, subsequent to his termination, Plaintiff Defendant retained and Plaintiff was replaced by employees who were substantially younger than Plaintiff as well as employees under the age of 40.

22.

In addition to his wrongful termination, Defendant's actions toward Plaintiff prior to his termination , including, but not limited to, fostering a culture where his supervisors routinely referred to him as "too old" and/or "slow", demonstrate the

discriminatory animus barred by the Age Discrimination in Employment Act ("ADEA").

23.

Notably, within months after terminating Plaintiff for an alleged "lack of work", Defendant recruited Plaintiff to return to work. Plaintiff was rehired on May 29, 2019.

## COUNT ONE:

## Violations of Age Discrimination Employment Act of 1967("ADEA"), 29 U.S.C. §§ 621 et seq.,

24.

Plaintiff re-alleges and incorporates the allegations of Paragraph No.'s 1-23 as if fully set forth herein.

25.

At the time of his unlawful termination, Plaintiff was over the age of forty.

26.

At the time of his unlawful termination, Plaintiff was qualified to perform his position.

27.

Defendant replaced Plaintiff with one or more substantially younger employees, employees under the age of forty (40), and less-qualified employee(s).

28.

Defendant's discriminatory practices of termination of Plaintiff due to his age has deprived him of equal employment opportunities, wages, retirement, and other benefits, and equal treatment in the terms and conditions of their employment, thus damaging Plaintiff in an amount to be proven at trial.

29.

Defendant's discriminatory acts were willful within the meaning of the ADEA, and Plaintiff is entitled to liquidated damages under 29 U.S.C. § 626(b).

30.

Plaintiff is entitled to equitable as well as monetary relief from Defendant for violations of the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court will award the following relief:

(a) Plaintiff recover appropriate back pay, including reimbursement for lost salary, bonuses, incentive compensation, pension, social security and other benefits in amounts to be shown at trial;

(b) Plaintiff recover liquidated damages equal to back pay and lost benefits, as a result of Defendant's willful violations of the ADEA;

(c) Plaintiff recover prejudgment interest on any award of back pay made by the jury as required by law;

(d) The Court award compensatory damages in an amount to be determined by a jury;

(e) The Court award Plaintiff punitive damages, commensurate with the harm done, to deter such future conduct;

(f) An award of attorney's fees, costs, and litigation expenses; and

(g) Such other relief as the Court deems just and proper, and/or is allowable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Respectfully submitted, this the 9th day of November 2020.

/s/ DeMone Lee

_____

DeMone Lee
Georgia Bar #      507119
Attorney for Plaintiff

DeMone Lee
The Lee Firm of Georgia, LLC
3355 Lenox Road NE
Ste. 750
Atlanta, Georgia 30326
(404) 268-7069 (tel)
(404) 460-0692 (fax)
d.lee@youcallweanswer.com

EEOC Form 161 (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Sandy C. Gaither<br>c/o Demone Lee<br>Lee Firm of Georgia, LLC<br>3355 Lenox Road, NE, Ste. 750<br>Atlanta, GA 30326 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2019-03599 | Serena A. Curry, Investigator | (404) 562-6828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For    8/14/2020

Enclosures(s)    **Darrell E. Graham, District Director**    *(Date Mailed)*

cc:  **Heritage Automotive Group, Inc.**
**c/o James W. Hardee**
**Fain, Major & Brennan, PC**
**5605 Glenridge Drive, NE**
**Ste. 900**
**Atlanta, GA 30342**

EX. A

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*